**Charles W. CROWE, Plaintiff–Appellant,**

v.

**GREEKTOWN CASINO, Defendant–Appellee.**

No. 03–1391.

United States Court of Appeals, Sixth Circuit.

Dec. 11, 2003.

Charles W. Crowe, pro se, Detroit, MI, for Plaintiff–Appellant.

Louis B. Reinwasser, Miller, Canfield, Paddock & Stone, Lansing, MI, for Defendant–Appellee.

Before ROGERS and COOK, Circuit Judges; and BERTELSMAN, District Judge.*

*ORDER*

Charles W. Crowe, a pro se Michigan resident, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 2000e. This case has been referred to a panel of the court pursuant to Rule 34(j)(I), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

* The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Crowe sued Greektown Casino alleging that he was discharged from his position as a change attendant because of his race. The district court granted summary judgment to the casino because Crowe had failed to show that he was treated differently from a similarly situated white employee.

On appeal, Crowe asserts that an issue of fact exists as to whether the casino had an affirmative action plan, that some employees were treated less favorably than others, that he worked in a hostile environment, that he engaged in an unidentified protected activity while working at the casino, that he had a right to a hearing under the company's handbook, that he was denied his yearly bonus, that he was turned down for a promotion, and that the casino had failed to produce discovery witnesses.

■ Initially, it is noted that only Crowe's disparate treatment claim is properly before the court. Crowe's arguments that the casino lacked an affirmative action plan, that he worked in a hostile environment, that he engaged in an unidentified protected activity while working at the casino, that he had a right to a hearing under the company's handbook, that he was denied his yearly bonus, and that he was turned down for a promotion were not contained in his complaint before the Equal Employment Opportunity Commission (EEOC). Therefore, these arguments are not reviewable on appeal. *See Bhd. of Locomotive Eng'rs v. ICC,* 909 F.2d 909, 912–13 (6th Cir.1990).

The district court's judgment is reviewed de novo. *See Smith v. Ameritech,* 129 F.3d 857, 863 (6th Cir.1997).

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R.Civ.P. 56(c). A genuine issue of material fact exists when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In applying the summary judgment standard, the court must review all materials supplied, including all pleadings, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). If the evidence is merely colorable or is not significantly probative, then summary judgment may be granted. *Anderson,* 477 U.S. at 249–50, 106 S.Ct. 2505.

The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial. *See* Fed.R.Civ.P. 56(e); *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548. The nonmoving party must do more than show that there is a metaphysical doubt as to the material issue. *See Matsushita,* 475 U.S. at 586, 106 S.Ct. 1348. It must present significant probative evidence in support of its opposition to the motion for summary judgment in order to defeat the motion for summary judgment. *See Anderson,* 477 U.S. at 249–50, 106 S.Ct. 2505.

■ Crowe, who is black, began working for the casino on October 8, 2000, as a change attendant. The position required him to circulate among the casino's patrons and provide change and tokens for use in the casino's slot machines. Change

attendants accomplish this task by utilizing a cart stocked with a bank of money and tokens. Whenever a change attendant begins his shift, he is required to "check-in," which entails counting the money on the cart that the attendant is planning on using and signing a receipt indicating the amount. A similar procedure is used when the change attendant replenishes the change or tokens in the cart during his shift. The attendant must "buy" the money or tokens from the cashier by submitting cash and a buy slip to the cashier. Finally, at the end of each shift, the attendant again counts the money in the cart and signs a receipt with the appropriate amount.

At the end of an attendant's shift, if the amount in the cart is greater than or less than the amount that the attendant began with, the casino's "variance policy" is implicated. The policy provides that "[a]ccumulated [variance] amounts of $100.00 or more in a 30 day period will result in a written warning and suspension with progressive action for recurrence. Any further shortages may result in termination." The casino states that Crowe was fired pursuant to this policy on October 15, 2001.

A "Personnel Action Form" issued after Crowe's termination states that he was discharged for "failure to secure company funds" and states that he had an "[a]ccumulation of $185 in variances within 30 days." Crowe incurred the following variances during the period between September 15, 2001, and October 14, 2001: $80.00 on September 15; $10.00 on September 22; $15.00 on September 26; and $80.00 on October 14.

On September 26, 2001, Crowe received an "Employee Counseling Report," the equivalent of a written warning, stating that he had $90.00 in variances as of that date. On September 28, 2001, Crowe re-ceived another written warning stating that he had accumulated $105.00 in variances for the 30–day period and that "[a]ny future variances with in [sic] this 30 day period will result in further disciplinary action."

In his complaint, Crowe claimed that he was discharged because of his race. Crowe further alleged that "[a] white employee on the day shift was short on several occassion [sic], yet she was neither discharged or reprimanded." Crowe, however, testified at his December 16, 2002, deposition that he was unable to identify the employee that he was unaware of the amount of the unidentified employee's variance, and that he was unaware whether the unidentified employee had previously been warned about variances. Crowe also testified that he had just heard rumors about the employee.

To establish a prima facie case of discrimination, a plaintiff must show that he is a member of a protected group, that he was subject to an adverse employment decision, that he was qualified for the position, and that he was replaced by a person outside the protected class. *Kline v. Tenn. Valley Auth.*, 128 F.3d 337, 349 (6th Cir.1997). In disparate treatment cases, the fourth element may be replaced with a requirement that the plaintiff show that he was treated differently from similarly situated individuals. *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582–83 (6th Cir.1992).

Crowe did not establish a prima facie case of discrimination. Crowe clearly failed to satisfy the fourth prong of the test by proving that he was treated differently from similarly situated individuals. Crowe admitted in his deposition, that he was unable to identify any employee who was similarly situated and who was treated differently from himself. Since Crowe has failed to establish a prima facie case of

discrimination, the casino was entitled to judgment as a matter of law.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.